Robert B. Mobasseri (SBN 193193)
robertm@mobasserilaw.com
David Alan Cooper (SBN 190203)
dcooper@mobasserilaw.com
Barbara A. Rohr (SBN 273353)
brohr@mobasserilaw.com
**LAW OFFICES OF ROBERT B. MOBASSERI, PC**
1055 W. 7th Street, Suite 2140
Los Angeles, California 90017
Tele: (213) 282-2000 | Fax: (213) 282-3000

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ANGEL MENDOZA, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.; DOES 1 through 10, Inclusive,<br><br>Defendants | Case No.: 5:20-cv-00076<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATIONS OF MAGNUSON-MOSS WARRANTY ACT<br>(15 U.S.C. Sections 2301 et seq.)<br>2. VIOLATIONS OF CONSUMER LEGAL REMEDIES ACT<br>(CA Civil Code Sections 1750 et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

1
CLASS ACTION COMPLAINT

# CONSUMER CLASS ACTION COMPLAINT

1. Plaintiff ANGEL MENDOZA ("Plaintiff") brings this action against Defendants TOYOTA MOTOR SALES, U.S.A., INC. (hereafter "Toyota") and DOES 1 through 10, inclusive, and seeks a trial by jury against these defendants.

## JURISDICTION AND VENUE

2. The United States District Court for the Central District of California has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act because there is minimal diversity, the proposed Class and/or Subclasses each exceeds one hundred members, and the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs, per 28 U.S.C. § 1332(d)(2)(A).

3. The United States District Court for the Central District of California can exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)-(c). Toyota does substantial business in the State of California and within this Judicial District, is registered to and is doing business within the State of California, and otherwise maintains requisite minimum contacts with the State of California.

5. Additionally, Toyota distributes Class Vehicles in this District and receives substantial compensation and profits from the sale and lease of Class Vehicles in this District.

## NATURE OF THE CASE

6. This is a class action lawsuit brought by Plaintiff on behalf of himself and a class of current and former owners and lessees of Scion FR-S vehicles manufactured and/or distributed by Toyota for sale or lease nationwide having the model year 2013 ("Class Members") and subject to NHTSA Recall No. 18V-772000 ("Class Vehicles"). The Class Vehicles pose an imminent and significant safety hazard to vehicle operators and the public.

7. The genesis of the problem was a manufacturing defect causing the engine "valve springs" in the Class Vehicle to fracture. See Toyota Safety Recall J02, aka NHTSA Recall No. 18V-772000, attached hereto as **Exhibit A**. Toyota concedes that the defective valve springs can "increase the risk of a crash" and "may result in the engines stalling during driving." Toyota has been on notice of this defect in the Class Vehicles for years, but concealed its knowledge from the public and remained silent until the failure rate reached such a level that an immediate safety recall was necessary.

8. Toyota guaranteed and warranted by way of recall notices that the defective condition of the Class Vehicles would be remedies and all defective valve springs would be replaced free of charge with "new ones of an improved design." Plaintiff and other Class Members brought their Class Vehicles to Toyota's factory authorized repair dealerships for the promised repairs in reliance on the promise in the recall notices. Unfortunately, according to numerous customer reports, the attempted repairs are actually *increasing* the risk of engine malfunction, leading to substantial monetary losses due to post-recall repair engine failures. Toyota has refused to reimburse Class Members for the cost of engine damage occurring after the attempted valve spring repairs. Class Members are entitled to rescission and other remedies under the implied warranty provisions of the Magnuson-Moss Warranty Act

9. Further, despite Toyota's promises within its recall to provide a proper replacement of valve springs and thereby its Class Vehicles safe, the fact that the recall services actually being provided, at Toyota's explicit instruction to its factory-authorized repair facilities, has resulted in increased engine failure constitutes a separate harm suffered by California residents ("California Subclass") and is actionable under the California Consumer Legal Remedies Act.

10. Plaintiff and numerous putative Class Members have complained to Toyota, but Toyota has refused to accept liability, thereby necessitating the filing of this

class action. As a direct result of Toyota's wrongful conduct, Plaintiff and Class Members, including the California Subclass, have been harmed and have suffered actual damages, including repair and replacement costs, loss of use, loss of the benefit of their bargain, and costs and lost time associated with bringing their Class Vehicles to Toyota's factory authorized repair dealerships for attempted diagnosis and repair.

**Experience of Individual Plaintiff Angel Mendoza**

10. Plaintiff Angel Mendoza, a California resident, in 2014 purchased a used 2013 Scion FR-S with 15,902 miles on the odometer, VIN JF1ZNAA17D1718527 ("Plaintiff's Vehicle"), originally manufactured and/or distributed by Toyota for sale in California, from a licensed auto dealership in City of Industry, CA, known as "Puente Hills Hyundai." Plaintiff's Vehicle was originally sold by Toyota's authorized dealership in Northridge, CA with a 5-year or 60,000 mile "powertrain" express warranty as that term is defined in the Song-Beverly Consumer Warranty Act, and that express warranty transferred to all subsequent owners. Plaintiff's Vehicle was also originally sold with an implied warranty of merchantability as that term is defined in the Song-Beverly Consumer Warranty Act, and that implied warranty of merchantability transferred to all subsequent owners.

11. Plaintiff drove Plaintiff's Vehicle normally for the next five years, performing regular maintenance. In or about September 2019, Plaintiff received an "Urgent Safety Recall" notice from Toyota, **Exhibit B** hereto; advising him to immediately take Plaintiff's Vehicle to a Toyota factory authorized repair dealership for replacement of the valve springs and warning him of dire consequences if he did not.

12. Plaintiff on September 22, 2019 presented Plaintiff's Vehicle to "Crown Toyota" in Ontario, CA for diagnosis and repair under the aforementioned recall. That Toyota factory authorized repair dealership purportedly performed the "J02" recall repairs, including the replacement of all engine valve springs. Plaintiff's

Vehicle had 56,593 miles when presented.  In just the prior two years, Plaintiff's Vehicle had three oil and filter changes, at 39,617 miles in July 2017, at 45,529 miles in March 2018 and at 55,291 miles in May 2019.  Plaintiff's Vehicle was returned to him on September 27, 2019 with 56,617 miles.

13. Yet, almost immediately Plaintiff's Vehicle began malfunctioning. Plaintiff's Vehicle, on his first drive to work on September 30, 2019, began sputtering and clunking and then suddenly shut off on the freeway.  Plaintiff's Vehicle was towed back to "Crown Toyota" in Ontario.  The next day, Plaintiff was informed that he would be charged $4,119.25 for a complete engine disassembly, unless Toyota paid for the disassembly under the recall, simply for that Toyota dealership to determine what went wrong.  Three days later, Plaintiff was informed that—according to "Crown Toyota" and also Toyota—due to the purported "lack of oil maintenance" the engine failure was Plaintiff's responsibility, would not be covered under warranty, and that a replacement engine would cost Plaintiff approximately $10,000.  Plaintiff paid "Crown Toyota" $2,059 for "tear down labor" and towed the car home.

### Experience of Other Class Members

14. Numerous other owners of 2013 Toyota FR-S vehicles have reported similar experiences:

NHTSA ID Number: 11 231551
Incident Date May 14, 2019

I BROUGHT MY 2013 SCION FR-S IN FOR THE ENGINE SPRING RECALL TO AUTONATION TOYOTA PINELLAS, FL WITH 37,800 MILES ON IT.  THE CAR HAD BEEN RUNNING PERFECTLY PRIOR TO THIS. ABOUT 900 MILES LATER, I HEARD A KNOCKING AND, AT FIRST, THOUGHT IT HAD SOMETHING TO DO WITH THE SERPENTINE BELT. I THEN BROUGHT IT TO MY LOCAL MECHANIC (SINCE I LIVE OVER AN HOUR AWAY FROM WHERE THE RECALL WAS PERFORMED) AND HE SAID MY ENGINE WAS BLOWN DUE TO ROD BEARING, CONNECTING RODS AND MAIN BEARINGS. HE SAID IT LOOKED LIKE METAL OR SOMETHING WAS CARRIED THROUGH THE ENGINE VIA THE OIL. I THEN TOOK IT TO MY LOCAL SUBARU DEALER (SINCE IT HAS A SUBARU BOXER ENGINE) AND THEY SAID THE EXACT, SAME TH ING. I HAVE BEEN WITHOUT A CAR FOR THREE MONTHS, SPENT A

FORTUNE ON RENTALS UNTIL I RAN OUT OF MONEY AND LOST MY $50,000/YEAR JOB OVER IT AS A PROPERTY MANAGER BECAUSE I NEEDED A CAR TO FUNCTION. I NO LONGER HAVE THE OPTION OF BUYING ANDTHER CAR BECAUSE I'VE LOST MY JOB AND IT'S PRETTY HARD TO GET ANDTHER ONE WITHOUT A VEHICLE. IF TOYOTA DOES NOT STEP UP TO THE PLATE, OFFER ME A LOANER VEHICLE, AND FIX TH IS CAR, I WILL BE SEEKING LITIGATION ON THIS ISSUE. I HAVE ALREADY HIRED A LAWYER BUT, I WAS HOPING TOYOTA WOULD DO THE RIGHT THING.

NHTSA ID Number: 11 240587
Incident Date May 29, 2019

THE CONTACT OWNS A 2013 SCION FR-S. THE CONTACT RECEIVED A RECALL NOTIFICATION FOR NHTSA CAMPAIGN NUMBER: 18V772000 (ENGINE AND ENGINE COOLING). THE VEHICLE WAS TAKEN TO TOWN AND COUNTRY TOYOTA (9101 SOUTH BLVD, CHARLOTTE, NC 28273, (704) 557-0586) WHERE THE VALVE SPRINGS WERE REPLACED. AFTER THE REPAIRS, THE VEHICLE JERKED, LUNGED FORWARD, AND LOST POWER. ALSO, THERE WAS AN ABNORMAL KNOCKING NOISE COMING FROM THE ENGINE AND THE CHECK ENGINE WARNING INDICATOR ILLUMINATED. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE AND A CASE NUMBER WAS PROVIDED. THE MANUFACTURER INFORMED THE CONTACT TO TAKE THE VEHICLE BACK TO THE DEALER. THE FAILURE MILEAGE WAS APPROXIMATELY 106,000.

NHTSA ID Number: 11 230180
Incident Date June 20, 2019

I TOOK THE FR-S IN FOR THE VALVE SPRING RECALL. WITHIN 200 MILES OF DRIVING THERE WAS A NOTICEABLE CLICKING SOUND COMING FROM THE ENGINE. IT WAS IDLING ROUGH TO THE POINT OF STALLING. I WAS LUCKILY RIGHT DOWN THE ROAD FROM THE DEALER. I TOOK THE VEHICLE BACK IN TO THE DEALERSHIP. THEY SAID IT WAS NOT FROM THE RECALL REPAIR. TOYOTA WOULD COVER THE PARTS BUT I WOULD HAVE TO COVER LABOR. AFTER THIS I STARTED READING ABOUT ALL THE OTHER FR-S/BRZ OWNERS HAVING SIMILAR ISSUES.

NHTSA ID Number: 11 231572
Incident Date June 27, 2019

I TOOK MY CAR IN FOR THE SAFETY RECALL J02 VALVE SPRINGS REPLACEMENT. ABOUT 5000 MILES OR SO LATER MY VEHICLE SHUT OFF UNEXPECTEDLY WHILE I WAS ON THE INTERSTATE. LUCKILY I WAS ABLE TO CROSS TRAFFIC AND EXIT WITHOUT CAUSING INJURY. MY VEHICLE WAS TOWED TO THE DEALERSHIP. THEY SAID THEY FOUND METAL SHAVINGS IN THE OIL PAN SO THEY LOOKED FURTHER AND DETERMINED A ROD BEARING HAO SEIZED. THERE HAS NOT BEEN ANY ISSUES WITH MY ENGINE PRIOR TO THE RECALL AND I HAVE KEPT UP WITH

CLASS ACTION COMPLAINT

VEHICLE MAINTENANCE. MY CAR NO LONGER HAS A WARRANTY AND THE DEALERSHIP SAID I WOULD HAVE TO PAY OUT OF POCKET FOR AN ENGINE REPLACEMENT. THERE ARE NUMEROUS COMPLAINTS AND ARTICLES ONLINE STATING ROD BEARINGS HAVE BEEN DESTROYED POST RECALL. THIS IS A RESULT OF TOO MUCH SEALANT APPLIED DURING THE RECALL, CAUSING EXCESS TO BLOCK OIL CHANNELS.

NHTSA ID Number: 11 234598
Incident Date July 12, 2019

CAR WAS RECALLED FOR REPLACEMENT OF VALVE SPRINGS AND THIS SERVICE CAUSED ENGINE FAILURE(BEARING) PROBABLY SEALANT SEEPED INTO OIL CAUSING BLOCKAGE OF OIL FLOW

NHTSA ID Number: 11 234608
Incident Date July 14, 2019

TOOK THE CAR IN FOR THE VALVE RECALL AND WITHIN A FEW THOUSAND MILES IT STARTED TO HAVE A VERY BAD KNOCK WE WERE DRIVING WHEN THE KNOCK STARTED AROUND 50. TOOK IT BACK TO THE DEALER. THEY PULLED THE OIL PAN AND WAS TOLD THAT IT HAD A BAD ROD BEARING. WE ARE ALWAYS UP ON THE OIL SERVICE. ONLY 1500 MILES OUT OF WARRANTY WITH NO HELP FROM TOYOTA. I CAN'T BELIEVE THEY WON'T HELP OUT. TOYOTA IS JUST DITCHING THIS PROBLEM. TO MANY OF THE SAME ISSUES WITH THE SAME RECALL AND PROBLEMS.

NHTSA ID Number: 11 232053
Incident Date July 14, 2019

BROUGHT IN 2013 SCION FR-S (AUTOMATIC TRANSMISSION) TO TOYOTA DEALERSHIP FOR THE J02 VALVE SPRING RECALL ON MAY 07, 2019. I NOTICED MY ENGINE WAS RUNNING A LITTLE ROUGHER THAN USUAL AFTER THE RECALL REPAIR BUT CHALKED IT UP TO MY ENGINE GETTING USED TO THE NEW VALVES. LAST NIGHT (JULY 14, 2019) MY ENGINE BEGINS TO KNOCK HARD AND SOUNDS AS IF ONE OF MY RODS HAVE SPUN, BEFORE I KNOW IT, MY ENGINE STALLS OUT IN THE MIDDLE OF THE HIGHWAY AT NIGHT AND I ALMOST COLLIDE INTO AN EXIT MEDIAN GOING OVER 50 MPH. I HAVE READ THE OTHER HORROR STORIES WITH TH IS EXACT SAME ISSUE, PLEASE LETS GET THIS FIXED BEFORE SOMEONE LOSES THEIR LIFE!

NHTSA ID Number: 11 241848
Incident Date July 27, 2019

THE CONTACT OWNS A 2013 SCION FR-S. WHILE DRIVING 50 MPH, THE CONTACT HEARD THE VEHICLE'S ROD BEARINGS SPINNING, WHICH ULTIMATELY LED TO ENGINE FAILURE. IN ADDITION, THE CHECK ENGINE AND OIL PRESSURE

INDICATORS ILLUMINATED ALONG WITH OTHER UNKNOWN WARNING INDICATORS. THE VEHICLE WAS TAKEN TO VANCOUVER TOYOTA (10455 NE 53RD ST, VANCOUVER, WA 98662, (360) 944-3001) WHERE IT WAS DIAGNOSED THAT THE ROD BEARINGS FAILED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 66,000. THE CONSUMER STATED RECALL PERFORMED IN JAN/ FEB OF 2019.

NHTSA ID Number: 11 255369
Incident Date August 9, 2019

THE CONTACT OWNS A 2013 SCION FR-S. THE CONTACT STATED THAT THE VEHICLE WAS INCLUDED IN NHTSA CAMPAIGN NUMBER: 18V772000(ENGINE AND ENGINE COOLING). THE VEHICLE'S PREVIOUS OWNER TOOK THE VEHICLE TO BAXTER TOYOTA LINCOLN (8600 S 33RD ST. LINCOLN, NE 68516, 531 -739-5213) WHERE THE RECALL REPAIR WAS SERVICED. AFTER APPROXIMATELY 2,000 MILES, WHILE ACCELERATING, THE CONTACT HEARD A LOUD KNOCKING NOISE COMING FROM THE ENGINE WITHOUT WARNING. THE CONTACT DROVE THE VEHICLE HOME. DUE TO THE KNOCKING NOISE, THE CONTACT HAD THE VEHICLE TOWED BACK TO THE SAME DEALER WHERE HE WAS GIVEN THE OPTION TO REPLACE A SMALL BLOCK OF THE ENGINE. THE VEHICLE WAS REPAIRED. THE CONTACT DID NOT DIRECTLY NOTIFY THE MANUFACTURER OF THE DEFECT; HOWEVER. A SERVICE MANAGER AT THE DEALER INFORMED HIM THAT THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 106,190.

NHTSA ID Number: 11 258144
Incident Date September 2, 2019

THE CONTACT OWNS A 2013 SCION FR-S. THE CONTACT STATED THAT THE VEHICLE WAS INCLUDED IN AN UNKNOWN RECALL WHERE THE SPRING VALVE NEEDED TO BE REPLACED. THE VEHICLE RECEIVED THE RECALL REMEDY. WHILE DRIVING APPROXIMATELY 70 MPH, THE CONTACT HEARD A RUMBLING SOUND AROUND THE ENGINE AS IF METAL WERE LOOSE. THE CONTACT TOOK THE VEHICLE TO DELUCA TOYOTA (LOCATED AT 1719 SW COLLEGE RD, OCALA, FL 34471, 352-732-0770) WHERE IT WAS DIAGNOSED THAT THE SHORT BLOCK FAILED AND NEEDED TO BE REPLACED. THE VEHICLE WAS REPAIRED. THE CONTACT STATED THAT THERE WAS ALSO A RATTLING SOUND COMING FROM THE STEERING COLUMN; HOWEVER, THE VEHICLE HAD NOT BEEN OFFICIALLY DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOT MADE AWARE OF THE FAILURES. THE APPIROXIMATE FAILURE MILEAGE WAS 41,900.

NHTSA ID Number: 11 256662
Incident Date September 19, 2019

COMPLAINT ABOUT TOTAL ENGINE FAILURE AFTER BRINGING FIRE No INJURIES 0 DEATHS 0 MY 2013 SCION FRS IN FOR VALVE SPRING RECALL. THE VEHICLE

HAS ONLY 17,000 MILES. VALVE SPRING RECALL WAS DONE AT A TOYOTA DEALERSHIP. SEVERAL HUNDRED MILES LATER, WHILE DRIVING, THE ENGINE LIGHT COMES ON AND MAKING KNOCKING NOISE. BROUGHT TO TOYOTA AND THEY SAID IT WAS ENGINE FAILURE. THIS DEALER DID NOT EVEN OPEN THE ENGINE TO VERIFY.

NHTSA ID Number: 71258571
Incident Date September 20, 2019

THE CONTACT OWNS A 2013 SCION FR-S. WHILE DRIVING 20 MPH, THE VEHICLE STALLED WITHOUT WARNING. THE CONTACT WAS UNABLE TO RESTART THE VEHICLE. THE VEHICLE WAS TOWED TO AN INDEPENDENT MECHANIC AND THEN TO BALISE TOYOTA OF WARWICK (1400 POST RD, WARWICK, RI 02888, (401) 352-5911) WHERE IT WAS DIAGNOSED THAT THE ENGINE NEEDED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE VEHICLE WAS RECENTLY REPAIRED PER NHTSA CAMPAIGN NUMBER: 18V772000 (ENGINE AND ENGINE COOLING). THE CONTACT WAS CONCERNED THAT THE FAILURE WAS DUE IN PART TO THE RECALL REPAIR THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 89,000.

NHTSA ID Number: 11 268878
Incident Date October 1, 2019

THE CONTACT OWNS A 2013 SCION FR-S. THE CONTACT WAS INFORMED BY ADVANTAGE TOYOTA OF RIVER OAKS (1970 RIVER OAKS DR, CALUMET CITY, IL 60409, 708-862-0700) THAT THE VEHICLE WAS INCLUDED IN NHTSA CAMPAIGN NUMBER: 18V772000 (ENGINE AND ENGINE COOLING). THE DEALER KEPT THE VEHICLE FOR OVER A MONTH DUE TO THE RECALL. WHEN THE VEHICLE WAS RETURNED TO THE CONTACT, IT SHOOK UNCONTROLLABLY WITHOUT WARNING. AFTER TAKING THE VEHICLE BACK TO THE DEALER ON SEVERAL OCCASIONS FOR THE SAME FAILURE, THE CONTACT WAS INFORMED THAT SHE WOULD BE CHARGED FOR DIAGNOSTIC TESTING. THE VEHICLE WAS NOT DIAGNOSED. WHILE DRIVING, THE VEHICLE SHOOK UNCONTROLLABLY AGAIN, MADE A LOUD SOUND, AND SHUT OFF WITHOUT WARNING. THE CONTACT HAD THE VEHICLE TOWED BACK TO THE DEALER. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE AND NOTIFIED THE CONTACT THAT THEY WOULD HAVE TO PERFORM A DIAGNOSTIC TEST TO DETERMINE THE CAUSE OF THE FAILURE. THE CONTACT REFUSED TO PAY FOR THE DIAGNOSTIC. THE VEHICLE HAD NOT BEEN REPAIRED. THE FAILURE MILEAGE WAS 90,000.

NHTSA ID Number: 11 292466
Incident Date November 23, 2019

TOOK OUR 2013 SCION FR-S TO TEMECULA VALLEY TOYOTA FOR J02 VALVE SPRING REPLACEMENT RECALL. AFTER ABOUT 6,000 MILES OF EASY DRIVING, FR-S BEGAN TO RUN ROUGH. THIS ROUGH RUNNING WAS ONLY INTERMITTENT

AND EVENTUALLY SUBSIDED. ROUGH RUNNING ENGINE RETURNED ALONG WITH WHAT I CONSIDERED A "ROD KNOCK". WE IMMEDIATELY PARKED THE VEHICLE AND DID NOT USE IT AFTER FIRST NOTICING THE KNOCK. VEHICLE TOWED BACK TO DEALERSHIP WHO PERFORMED RECALL. DEALERSHIP INFORMS US THAT THE ENGINE IS "DESTROYED" (THEIR WORDS). DEALERSHIP CLAIMS ROD BEARING OR BEARINGS DAMAGED DUE TO "OIL STARVATION". DEALERSHIP QUOTES US $17,000 TO REPAIR VEHICLE, INCLUDING A REPLACEMENT SHORT BLOCK. WE REFUSE DEALERSHIP'S OFFER AND ASK THAT THEY LEAVE ENGINE OUT OF THE VEHICLE. DEALERSHIP PLACES ENGINE BACK INTO OUR VEHICLE AND SETS THE DRIVER'S SIDE HEADS IN THE TRUNK WITH OTHER VARIOUS PARTS PLACED ON THE BACK SEAT (NICE TOUCH). WE HAVE VEHICLE TOWED BACK TO OUR HOME. WE LOCATED A SUBARU MECHANIC IN OUR TOWN, REMOVE ENGINE FROM VEHICLE, TAKE ENGINE TO SAID MECHANIC WHO IS GOING TO INSPECT FOR DAMAGE, BALANCE, REBUILD, AND INSTALL THE ENGINE BACK INTO OUR VEHICLE. MECHANIC'S COST = $6,400. UPON OUR PARTIAL TEARDOWN OF ENGINE I FOUND, WHAT I CONSIDER, AN EXCESSIVE AMOUNT OF RUBBERY COMPOUND ON THE FRONT CASE OF THE ENGINE. I ALSO FOUND TH IS SAME TYPE OF RUBBERY COMPOUND COVERING A SUBSTANTIAL PORTION OF THE OIL PICK UP TUBE SCREEN. I DO NOT KNOW THE CONDITION OF THE OILING PASSAGES WITHIN THE BLOCK. WE FOUND VERY LITTLE METALLIC MATERIAL IN THE OIL PAN. I AM SUSPICIOUS THAT TH IS RUBBERY COMPOUND MADE ITS WAY INTO THE OIL AND CLOGGED OILING PASSAGES. DEALERSHIP IS DENYING ALL.

NHTSA ID Number: 11 290235
Incident Date December 16, 2019

AFTER TAKING CARE OF ENGINE VALVE SPRING RECALL. DROVE MY CAR FOR A WHILE EVERYTHING SEEMED NORMAL AND AT RANDOM MY CHECK ENGINE LIGHT CAME ON, WITH SUDDEN LOSS OF POWER TO VEHICLE. GOT IT RUNNING, AS IT SHOOK AND WAS MAKING A WEIRD KNOCKING I TOOK MY CAR TO DEALERSHIP IMMEDIATELY TO FIGURE OUT THIS PROBLEM AND THEY CLAIMED MY SCION FRS 2013 NEEDS A NEW MOTOR AT A COST OF $10,630.59 BECAUSE MY WARRANTY IS NOW EXPIRED AND I HAD NOTHING TO SHOW TO THEM THAT IT HAD ANYTHING TO DO WITH THE RECALL. WHEN THIS WAS THE ONLY THING THAT COULD CAUSE THIS TO HAPPEN.

NHTSA ID Number: 11 289889
Incident Date December 17, 2019

THE CONTACT OWNS A 2013 SCION FR-S. THE CONTACT RECEIVED A RECALL NOTIFICATION FOR NHTSA CAMPAIGN NUMBER: 18V772000 (ENGINE AND ENGINE COOLING). THE VEHICLE WAS TAKEN TO VALLEY HI TOYOTA (14612 VALLEY CENTER DR, VICTORVILLE, CA 92395, (760) 241-6484) AND WAS REPAIRED PER THE RECALL. WHILE DRIVING 35 MPH, A KNOCKING NOISE WAS HEARD UNDERNEATH THE VEHICLE. THE VEHICLE WAS TAKEN BACK TO THE DEALER WHERE IT WAS

DIAGNOSED THAT THE NUMBER THREE PISTON FAILED AND NEEDED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT MADE AWARE OF THE FAILURE. THE FAILURE MILEAGE WAS APPROXIMATELY 99,000.

### The Defendants

15. Toyota is a California corporation currently headquartered in Plano, Texas.

16. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise, of defendants sued herein as Does 1 through 100, inclusive, which are alleged to be in some manner responsible for the acts, occurrences, and transactions set forth herein, and are liable to Plaintiff. Plaintiff will set forth the true names and capacities of the fictitiously named defendants together with appropriate charging allegations when ascertained.

17. Any applicable statute(s) of limitations have been tolled by Toyota's knowing and active concealment and denial of the facts alleged herein. Plaintiff and the Class Members could not have reasonably discovered the aforementioned defects and violations prior to the dates described. As a result of the active concealment by Toyota, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

### CLASS ACTION ALLEGATIONS

18. Pursuant to Rules 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff will seek class certification of a nationwide class defined as follows: all current and former owners and lessees of Scion FR-S vehicles manufactured and/or distributed by Toyota for sale or lease nationwide having the model year 2013 ("Class Members") and subject to NHTSA Recall No. 18V-772000 ("Class Vehicles")

19. Additionally, Plaintiff also will seek certification of a sub-class defined as follows: all Class Members who purchased Class Vehicles in California ("California Subclass").

20. Exclusions: Excluded from the Class Members, including the California Subclass, are the Defendants, their affiliates, employees, officers and directors,

persons or entities that purchased the Class Vehicles for resale, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change, or expand the Class-related definitions based on discovery and further investigation.

21. *Numerosity*: Upon information and belief, the Class Members are so numerous that joinder of all members is impracticable. While the exact number and identities of individual Class Members is unknown at this time, such information being in the sole possession of Defendants and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that many thousands of Class Vehicles have been sold and leased to Class Members including to the California Subclass.

22. *Existence and Predominance of Common Questions of Fact and Law*: Common questions of law and fact exist as to all Class Members. These questions predominate over the questions affecting individual Class Members including the California Subclass. These common legal and factual questions include, but are not limited to: (a) whether Class Vehicles were manufactured with defective valve springs, and (b) whether Toyota's repair solution increases engine failures for the California Subclass.

23. *Typicality*: All or substantially all of Plaintiff's claims are typical of the claims of the Class Members and the California Subclass, including Plaintiff's experience with his Class Vehicle's engine failure immediately after the recall repair attempt. Furthermore, Plaintiff and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Toyota's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class Members.

24. *Adequacy*: Plaintiff is an adequate representative because Plaintiff's interests do not conflict with the interests of the Class Members that Plaintiff seeks to represent, Plaintiff has retained counsel competent and highly experienced in complex class action litigation, and Plaintiff intends to prosecute this action

vigorously. The interests of the Class Members will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

25. *Superiority*: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and all other Class Members. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by the defendants' conduct. It would be virtually impossible for Class Members to individually to redress effectively the wrongs done to them. Even if the Class Members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, Class Members can be readily identified and notified based on, inter alia, the manufacturer or distributor's vehicle identification numbers, warranty claims, registration records, and database of complaints.

26. Defendants have acted, and have refused to act, on grounds generally applicable to the Class Members, thereby making appropriate final equitable relief with respect to the Class Members as a whole.

## FIRST CAUSE OF ACTION

(Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301, et seq.)

On behalf of Plaintiff, individually, and representing the Class Members against all Defendants including all Does

27. Plaintiff and the Class Members incorporate each and every allegation set forth in the preceding paragraphs of this complaint.

28. Plaintiff and the Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(3).

29. Toyota is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(4) and (5).

30. The Class Vehicles at issue are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(6).

31. For each of the Class Vehicles, Toyota issued an express warranty and, additionally, is responsible and liable for implied warranties relating to future performance.

32. Toyota breach its implied warranties of future performance, thereby damaging Plaintiff and the Class Members, because the Class Vehicles contained a manufacturing defect which, although latent for varying amounts of time, led to the aforementioned Recall due to urgent safety concerns.

33. Plaintiff and Class Members seek full compensatory damages allowable by law, the diminished value of the Class Vehicles, the repair or replacement of Class Vehicles, the refund of money paid to own or lease all Class Vehicles, and the refund of money paid to repair, store, transport and otherwise maintain Class Vehicles following Toyota's refusal to pay.

## SECOND CAUSE OF ACTION

(Violation of the Consumer Legal Remedies Act,

California Civil Code Sections 1750 et seq.)

On behalf of Plaintiff, individually, and representing the California Subclass,

against all Defendants including all Does

34. Plaintiff and the California Subclass incorporate each and every allegation set forth in the preceding paragraphs of this complaint.

35. The Vehicle constitutes "goods" bought for primarily personal, family, or household purposes per Civil Code §1761(a). Plaintiff and the California Subclass are "consumers" per Civil Code § 1761(d). The advertisement and sale of the

Class Vehicles to Plaintiff and the California Subclass was a "transaction" per Civil Code § 1761(e).

36. Toyota violated the Consumers Legal Remedies Act by representing that services have characteristics, uses, benefits, or quantities which they do not have (Civil Code § 1770(a)(5)) and by representing that services are of a particular standard, quality, or grade, if they are of another (Civil Code § 1770(a)(7)).

37. The above statutory provisions were violated, and Plaintiff and the California Subclass suffered actual damage thereby, due to Toyota's misrepresentations as described above. Plaintiff and the California Subclass seek injunctive relieve in the form of an order prohibiting Toyota from engaging in the acts described above in this Complaint. Plaintiff and the California Subclass are informed and believe that the activities and unlawful acts constitute a pattern and practice of doing business in violation of Civil Code § 1770 and present a continuing threat to members of the public which will not cease until an injunction is issued by this Court.

**WHEREFORE**, Plaintiff and Class Members, including the California Subclass, pray for judgment as follows:

1. For actual, incidental and consequential damages and restitution per the First Cause of Action,
2. Injunctive relief as to the Second Cause of Action;
3. For pre-judgment interest at the maximum legal rate;
4. For reasonable and statutory attorney's fees and other costs of suit;
5. Any other relief as the Court deems just and proper.

Dated: January 10, 2020     LAW OFFICES OF ROBERT B. MOBASSERI, PC

By: */s/ Robert B. Mobasseri*
Robert B. Mobasseri
robertm@mobasserilaw.com